**Jed W. Manwaring ISB No. 3040**
**Scott R. Rowley  ISB No. 9808**
**EVANS KEANE LLP**
**1161 W. River Street**
**P. O. Box 959**
**Boise, Idaho 83701-0959**
**Telephone:  (208) 384-1800**
**Facsimile:  (208) 345-3514**
**Email: jmanwaring@evanskeane.com**
          **srowley@evanskeane.com**

*Attorneys for Trustee, Janine P. Reynard*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re: | Case No. 15-00477-TLM |
|---|---|
| **TIMOTHY RESLER and KIMBERLY RESLER,** | |
| **Debtors.** | |

**NOTICE AND MOTION FOR APPROVAL OF COMPROMISE
RE: HILLMAN**

> **No Objection**. The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within twenty-one (21) days of the date of this notice.
>
> If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.
>
> **Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.
>
> **Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

Pursuant to *Fed. R. Bankr. P.* 9019, the Trustee, by and through counsel of record, Evans Keane LLP, moves the Court for approval of a compromise between the Trustee/Bankruptcy Estate and Defendant Lorene Hillman ("Hillman") whereby Christopher Succa, Patricia Succa, and

*NOTICE AND MOTION FOR APPROVAL OF COMPROMISE RE: HILLMAN - 1*

Lorene Hillman agree to jointly pay the Estate the amount of $100,000.00 upon approval of this compromise. In exchange the Trustee agrees to dismiss with prejudice the First Amended Complaint filed on July 6, 2017, in Adversary Proceeding No. 17-06008-TLM against Hillman and release any claim against certain real property in California. In support of this motion, the Trustee alleges as follows:

### FACTS

1. On September 20, 2011, Debtor Timothy Resler filed a Certificate of Organization Limited Liability Company for Green Valley Lake Holdings LLC ("GVLH") with the Idaho Secretary of State, listing Timothy R. Resler as the sole member.

2. On October 5, 2011, Debtor Timothy Resler purchased improved real property located at 33655 San Antonio Drive, Green Valley Lake, California 92341 (the "Property") on behalf of GVLH, and the Grant Deed was recorded on October 24, 2011 as Document No. 2011-0442841, Official Records, County of San Bernardino. The Property is an approximately 4000 sq. ft. vacation home located on 5 acres.

3. The Property was purchased by GVLH as the Buyer, pursuant to a short sale, with Christopher Succa and Patricia Succa as the Sellers.

4. Sellers' lender, JPMorgan Chase Bank, N.A., ("Chase"), approved the short sale terms and conditions to accept a minimum of $257,285 to release its Deed of Trust and waive the deficiency balance on the loan secured by the Property. Chase conditioned that the "acceptance is only for the contract sale price of $305,000.00 between Timothy Resler (the "Buyer(s)"), and the Seller."

5. As a condition to the short sale, Chase required that the parties to the transaction provide copies of a signed and executed Affidavit of Arm's Length Transaction. The Affidavit of Arm's Length Transaction was signed by Timothy Resler, Manager of GVLH, as Buyer, and by

Document      Page 3 of 17

Christopher Succa and Patricia Succa, as Sellers, on October 3, 2011. [See Affidavit of Arm's Length Transaction dated October 3, 2011, attached as Exhibit A to the First Amended Complaint in the Adversary Proceeding.]

6.      GVLH obtained a loan in the amount of $183,000 from Max Sokolov c/o Howard D. Leitner ("Sokolov"), with annual interest at the rate of 9.750 %, dated October 17, 2011. The loan was purported to be secured by a security interest in the Property, all though it appears no Deed of Trust was ever recorded. The payments were set in the amount of $1,486.88 monthly, and constituted interest only payments for the first 83 months, with a balloon payment of $184,486.88 due in the 84th month.

7.      The Property was the only asset ever acquired by GVLH. Debtor Timothy Resler had complete and total control of GVLH, transacting all business and payments through Timothy Resler's personal bank accounts. Succas assert that they funded all the payments through Resler.

8.      At some unknown time, Debtor Timothy Resler purported to transfer, whatever interest he had in GVLH to his son Jeffrey Resler. No consideration was paid by Jeffrey Resler for that transfer.

9.      On July 27, 2012, Debtor Timothy Resler submitted the Annual Report Form for GVLH naming his son, Jeffrey Resler as the Manager of GVLH, and Tim Resler as the Registered Agent.

10.     GVLH was administratively dissolved on December 17, 2013 for failure to file the required annual report with the Idaho Secretary of State.

11.     On or about October 1, 2014, Jeffrey Resler on behalf of GVLH, filed for Reinstatement with the Idaho Secretary of State. The Reinstatement also lists Jeffrey Resler as the Registered Agent and Manager of GVLH.

12. On November 11, 2014, the Property was transferred by GVLH, on Jeffrey Resler's signature, to Lorene Hillman by Grant Deed. Hillman paid nothing for the deed to the Property. Hillman is the sister and sister-in-law to the Succas. The Grant Deed was duly recorded on December 30, 2014 in the Official Records, County of San Bernardino, Document No. 2014-0498891. See Grant Deed dated November 11, 2014 and recorded on December 30, 2014, attached to as Exhibit B to the First Amended Complaint in the Adversary Proceeding.

13. On March 18, 2015, Jeffrey Resler, as purported manager of GVLH, subsequently dissolved GVLH.

14. On April 16, 2015 the following month, the Debtors, Timothy and Kimberly Resler, filed a petition for bankruptcy under chapter 7 of the U.S. Bankruptcy Code.

## LITIGATION

15. On March 27, 2017, the Trustee filed a Complaint in Adversary Proc. No. 17-06008-TLM ("Adversary Proceeding") against GVLH, Jefferey Resler, and Hillman alleging: Count I – Fraudulent Transfer of the GVLH membership from Debtor Timothy Resler to his son Jeffrey Resler; Count II – Substantive Consolidation of GVLH into the bankruptcy estate; and Count III – Fraudulent Transfer of the Property to Hillman.

16. The parties in the Adversary Proceeding have pursued written discovery. Prior depositions of the Succas, Timothy Resler, and Hillman are available to the Trustee from other litigation.

17. Through a partial settlement with Timothy Resler and others through the Motion to Approve Compromise Re: Various Adversaries (Doc. 183), the Trustee obtained an assignment from Jeffrey Resler to the bankruptcy estate of all rights in and to GVLH.

18. On March 3, 2019, this Court entered a Report and Recommendation on Motion of Defendant Lorene Hillman for Summary Judgment (Doc. 51 in Adv. Proc.) denying the Hillman's

Motion for Summary Judgment and setting forth many of the disputed facts to be tried. On April 5, 2019, the District Court, where the Adversary Proceeding has been removed for trial, entered its Order Adopting Report and Recommendation (Doc. 52 in Adv. Proc.).

19. The trial in would be held in Federal District Court pursuant to a withdrawal of reference after this Court certifies the Adversary Proceeding ready for trial.

## PROPOSED COMPROMISE

20. All the parties, including the Trustee, Defendants, and Christopher and Patricia Succa have entered into a Settlement and Release Agreement ("Settlement Agreement"), executed with the intention to settle and compromise the various claims and counterclaims described in the above-named Adversary Proceeding. A true and correct copy of the Settlement Agreement is attached as Exhibit A and is subject to approval by the Bankruptcy Court.

21. In summary, the Settlement Agreement provides for a $100,000.00 payment to the Estate paid jointly by Christopher Succa, Patricia Succa, and Lorene Hillman. The Adversary Proceeding will be dismissed with prejudice, with a mutual release in the Settlement Agreement. The settlement funds will be deposited to the Estate after approval by the Court of the compromise, and the Lis Pendens on the Property in controversy will be withdrawn and released. Each party will bear their own attorney fees and costs.

22. The Settlement Agreement requires payment of the $100,000 within 60 days of execution date which was January 14, 2020. Trustee's counsel has received a $50,000 check presently and expects the remaining $50,000 to be paid on or before March 14, 2020.

23. Subject to Court approval, the Trustee asserts that the proposed compromise is a "fair and equitable" resolution of the dispute, based upon factors such as the: probability of successfully litigating the claim; difficulty in in enforcement of judgments; the complexity, expense and delay of the litigation; the risk of non-collection; and the paramount interest of

creditors. *In re Maples*, 266 B.R. 202, 206, 01.3 I.B.C.R. 116, 118 (Bankr. D. Idaho 2001); *Martin v. Kane (In re A & C Properties)*, 748 F.2d 1377, 1381-83 (9th Cir. 1986).

## PROBABILITY OF SUCCESSFULLY LITIGATING THE CLAIM

24. The Trustee's fraudulent transfer claims are based on 11 U.S.C. §§ 548(a), 544(b), and Idaho Code §§ 55-913, 55-914. In order to prevail on the claims, the Trustee must prove that (1) the transfers were with the actual intent to hinder, delay, or defraud the Debtor's creditors, or (2) the Debtor received less than reasonably equivalent value in exchange for the transfers and while the Debtor was insolvent at the time of transfer.

25. The prepetition transfers and business dealings of the Debtors have presented convoluted, confused, and complicated sets of facts. Defendants have comingled the property of the Debtors with the property of GVLH. Trustee asserts that the Debtor conveyed the Property with the concealed intent to hinder, delay and defraud creditors, despite declaring otherwise by the Affidavit of Arm's Length Transaction executed by the Debtor and Succa. The Trustee was successful in defeating a Motion for Summary Judgment.

26. While the trustee believes that she can prove her claim that the transfer of Debtor's interest in the Property to Hillman, was fraudulent the Defendant has asserted that the transfer is not avoidable because the Debtors never had an interest in the property, but actually held the GVLH property "in trust" for the Succas. Trustee believes the Succas are providing the defense for Defendant Hillman, and they assert that all funds used in the transactions were from Succas and not Resler. In that set of facts, the defense would urge that the transaction had no affect and did not deplete the Debtors' estate, so that no creditors of the Debtors were defrauded.

27. Fraudulent transfer claims are highly factual and depend, in large part, on testimony of parties and/or experts regarding intent, insolvency, and values of the contracts and business interests transferred. The claims would likely proceed to trial that would be factually intensive,

*NOTICE AND MOTION FOR APPROVAL OF COMPROMISE RE: HILLMAN - 6*

and involve valuation of the interests transferred, and require testimony regarding the transfer, date, and value. This would add significant complexity to the claims. The Trustee is at the disadvantage as the key witnesses would be partial to the defense.

28. The trustee believes she may prevail on the claims but recognizes the risk of loss that the defenses present. The probability of success in this case is very uncertain. The trustee therefore asserts that this factor weighs in favor of approving the compromise.

29. The Trustee has employed counsel at a rate of $225.00 per hour. If the case proceeds to trial, the Trustee will incur additional substantial attorneys' fees. The Trustee believes these factors weigh in favor of approving the compromise.

## DIFFICULTY OF ENFORCEMENT OF A JUDGMENT

30. Many of the actors connected to this Adversary Proceeding have made conveyances of property with evidence of the intent to hinder delay or defraud creditors. While the Trustee does not believe the Defendant would disobey the Court's order, if they did, the Trustee would have to incur the cost and delay of enforcing the judgment against the Property. The Property is located in California, such that the Judgment would have to be domesticated in California in order to ultimately claim the right to ownership and sell the Property for the estate. The estate would incur ongoing costs to secure and care for the Property in the meantime, through an agent, caretaker, or other persons operating at a distance.

31. Such enforcement would carry incur additional legal fees and costs and would also have certain risks of failure. The difficulties in enforcing potential judgment as outlined above weigh in favor of approving the proposed comprise and Settlement Agreement. Trustee asserts that the risks and expense in enforcing the judgment weigh in favor of approving the compromise.

## PARAMOUNT INTEREST OF CREDITORS

32. By this compromise, the estate will be receiving $100,000.00. While the value of the real property in question is several hundred thousand, the estate will save a significant amount in costs and attorney fees if the Trustee's allegations do not go to trial. If the Trustee were to lose at trial, the estate would receive zero and still be obligated on the substantial trial attorney fees and costs.

33. The discount in the claim amount is justified, in the Trustee's business judgment, by the risks of trial, as outlined above. Approval of the compromise will bring a significant benefit the creditors in this case. The Trustee believes this factor weighs in favor of approving the compromise.

## CONCLUSION

For the above stated reasons, the Trustee asserts that the Motion for Approval of Compromise is a fair and equitable resolution of the claims against the Defendants.

DATED this 24th day of January, 2020.

EVANS KEANE LLP


/s/ Jed W. Manwaring
Jed W. Manwaring, of the Firm
Attorneys for Trustee

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of January, 2020, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing.

- **Jesse A.P. Baker**    ecfidb@aldridgepite.com, JPB@ecf.courtdrive.com
- **Laura E Burri**    lburri@morrowfischer.com, klee@morrowfischer.com
- **Brett R Cahoon**    ustp.region18.bs.ecf@usdoj.gov
- **Janaya L Carter**    jcarter@rcolegal.com
- **Matthew Todd Christensen**    mtc@angstman.com, mtcecf@gmail.com; govai@angstman.com; megan@angstman.com; abbie@angstman.com; ecf@angstman.com; atty_christensen@bluestylus.com; christensenmr81164@notify.bestcase.com
- **D Blair Clark**    dbc@dbclarklaw.com, mbc@dbclarklaw.com; maryann@dbclarklaw.com; jeffrey@dbclarklaw.com; reception@dbclarklaw.com; jackie@dbclarklaw.com; ecf.dbclaw@gmail.com
- **Kevin E Dinius**    kdinius@diniuslaw.com, cmackey@diniuslaw.com; shallockjayne@diniuslaw.com
- **Howard R Foley**    hrfoley@foleyfreeman.com, rboyle@foleyfreeman.com; r59345@notify.bestcase.com
- **Patrick John Geile**    pgeile@foleyfreeman.com, abennett@foleyfreeman.com; r59345@notify.bestcase.com
- **Kimbell D Gourley**    kgourley@idalaw.com, swibright@idalaw.com
- **Christy A Kaes**    ckaes@evanskeane.com, christykaes@kaeslaw.com
- **Jed W. Manwaring**    jmanwaring@evanskeane.com, valerie@evanskeane.com
- **David Wayne Newman**    ustp.region18.bs.ecf@usdoj.gov
- **Janine P Reynard**    janine@reynardtrustee.com, jreynard@ecf.axosfs.com
- **Sheila Rae Schwager**    sschwager@hawleytroxell.com, dsorg@hawleytroxell.com
- **Nolan Roy Sorensen**    toplawaz@gmail.com, ecf@capstonelaw.net
- **David M Swartley**    bknotice@mccarthyholthus.com, dSwartley@ecf.inforuptcy.com; dswartley@mccarthyholthus.com; dswartley@ecf.courtdrive.com
- **Stanley J Tharp**    stharp@eberle.com, phamlin@eberle.com
- **US Trustee**    ustp.region18.bs.ecf@usdoj.gov
- **Brent Russel Wilson**    bwilson@hawleytroxell.com, dsorg@hawleytroxell.com

In addition, the above Motion was served by U.S. First Class mail, postage paid, to all parties listed on the attached Master Mailing List obtained by the clerk on this same date.

/s/ Jed W. Manwaring
Jed W. Manwaring

*NOTICE AND MOTION FOR APPROVAL OF COMPROMISE RE: HILLMAN - 9*

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT (the "Agreement") is made and entered into as of the 14th day of January, 2020, by and between **JANINE P. REYNARD**, Bankruptcy Trustee for the Estate of Timothy and Kim Resler (Bankruptcy Case No. 15-00477-TLM) (hereinafter "Reynard" or the "Trustee") and **CHRISTOPHER & PATRICIA SUCCA** ("Succas") and **LORENE HILLMAN** ("Hillman"). All the above-named persons and entities are collectively referred to herein as the "Parties".

### RECITALS

A. **WHEREAS**, Timothy and Kimberly Resler (the "Debtors") filed a petition initiating a case under Chapter 7 of the U.S. Bankruptcy Code, Bankruptcy Case No. 15-00477-TLM (the "Bankruptcy Case");

B. **WHEREAS**, after the filing of the Bankruptcy Case, Reynard was appointed as the Chapter 7 Trustee for the Debtors' bankruptcy estate;

C. **WHEREAS**, in the course of investigating the Debtors' assets, Reynard identified certain claims against parties to recovery fraudulent transfers;

D. **WHEREAS**, Reynard pursued fraudulent transfer and substantive consolidation claims against Jeff Resler, Green Valley Lake Holdings, LLC, and Lorene Hillman in Adversary Case No. 17-06008-TLM (the "Green Valley Adversary") regarding property located at 33655 San Antonio Drive, Green Valley Lake, California 92341 (the "Property");

E. **WHEREAS**, Jeff Resler has been dismissed from the Green Valley Adversary and all interests in Green Valley Lake Holdings, LLC have been transferred to Trustee;

F. **WHEREAS**, without admitting any allegations and in settlement of the various issues, the Parties have agreed to certain terms, described in further detail below; and

G. **WHEREAS**, it is the intention of the Parties to settle the issues as the Parties have reached a mutually acceptable agreement which will result in a settlement of all issues described above between the Parties.

### AGREEMENTS AND RELEASES

**NOW, THEREFORE**, in consideration of the mutual promises, terms, obligations and undertakings set forth herein, and other good and valuable consideration, the sufficiency and adequacy of which is hereby acknowledged, the Parties agree as follows:

1. <u>Recitals Incorporated by Reference.</u> The Parties incorporate into this Agreement, as part of the terms of this Agreement, the "Recitals" set forth above.

Settlement and Release Agreement – Page 1

**EXHIBIT A**

2. <u>Payments:</u> Succas and Hillman shall pay, jointly and severally, the sum of One Hundred Thousand dollars ($100,000.00) to Trustee not less than 60 days after the execution of this Agreement.

3. <u>Dismissal of Litigation.</u> Contingent on court approval of this compromise (as outlined below), payment by Succas and Hillman (as outlined in paragraph 2) the parties agree to stipulate to dismiss the Green Valley Adversary with prejudice. In addition, contingent upon the payment and approval of compromise, Trustee shall release the Lis Pendens recorded on the Property on 1/30/2019 as Inst. No. 2019-0030328 in San Bernardino, CA.

4. <u>Releases.</u>

   a. <u>Release by Trustee.</u> Contingent upon court approval of this compromise and the payment(s) described above, the Trustee hereby knowingly and voluntarily agrees and warrants to forever discharge, release, and hold harmless all other Parties to this Settlement and Release Agreement from any and all claims, demands, and causes of actions, legal, equitable, or otherwise, now known or subsequently discovered which were asserted, or may have been asserted.

   b. <u>Release by Succas.</u> Contingent upon court approval of this compromise and the payment(s) described above, Succas hereby knowingly and voluntarily agrees and warrants to forever discharge, release, and hold harmless all other Parties to this Settlement and Release Agreement from any and all claims, demands, and causes of actions, legal, equitable, or otherwise, now known or subsequently discovered which were asserted, or may have been asserted.

   c. <u>Release by Hillman.</u> Contingent upon court approval of this compromise and the payment(s) described above, Hillman hereby knowingly and voluntarily agrees and warrants to forever discharge, release, and hold harmless all other Parties to this Settlement and Release Agreement from any and all claims, demands, and causes of actions, legal, equitable, or otherwise, now known or subsequently discovered which were asserted, or may have been asserted.

5. <u>Waiver of Right to file Proof of Claim.</u> Succas and/or Hillman waive any right they may have to file a Proof of Claim in the Bankruptcy Case relating to the payment to Trustee. This waiver is contingent upon bankruptcy court approval of this Settlement.

6. <u>Representations and Warranties.</u> The Parties each warrant that they have agreed to enter into this Agreement knowingly and voluntarily and not in reliance upon any promise, inducement, or agreement, other than that which is specified herein. The Parties further warrant that they have full authority to enter into the terms of the compromise, pursuant to any governing documents (if any) of the Parties.

7. <u>Cause of Action for Breach.</u> If any Party breaches this Agreement, the other Party or Parties shall have a cause of action for the breach. In such an action, the prevailing Party or Parties shall be entitled to recover from the breaching Party or Parties, in addition to any other

relief provided by law or equity, such costs and expenses (including reasonable attorney's fees) as may be incurred by the prevailing Party or Parties in enforcing or otherwise applying the terms of this Agreement.

8. **Entire Agreement**. This Agreement and any references hereto contain the entire understanding between the Parties and supersedes all pre-existing or contemporaneous agreements or understandings, oral or written, respecting the subject matter hereof.

9. **No Oral Modifications**. This Agreement may be modified in whole or in part only by an agreement in writing executed by the Parties or their counsel.

10. **Independent Legal Advice**. Each of the Parties have received or declined to receive independent legal advice from legal counsel of their choice with respect to the advisability of making the settlement and release provided for herein and with respect to the advisability of executing this Agreement. Specifically, to the extent any Party is acting without the advice of counsel, by signing below they acknowledge that they have been specifically advised by the other parties to this agreement to seek the advice of counsel, and have been provided a full and sufficient opportunity to do so. This Agreement shall be deemed to have been drafted by all the Parties.

11. **Severability**. The Parties acknowledge that the purpose of this Agreement is to settle disputes and release claims, and in the event for any reason that any provision or portion of this Agreement shall be found to be void or invalid, the Parties will continue to interpret this Agreement to accomplish the stated purpose.

12. **Investigation**. Each of the Parties have read the Agreement carefully, knows and understands the contents thereof, and has made such investigation of the facts pertaining to the settlement and this Agreement and of all matters pertaining hereto, or impacted hereby, as it deems necessary or desirable. No Party has relied upon any statement, representation, or promise of any other Party, or of any representative or attorney for any other Party, in executing this Agreement or in making the settlement provided for herein.

13. **Governing Law**. This Agreement shall be governed and construed in accordance with the laws of the State of Idaho in all respects, including matters of construction, enforcement and performance, without regard to principles of conflicts of laws. The Parties agree that the venue of any action to enforce this Agreement shall be in the United States Bankruptcy Court for the District of Idaho.

14. **Counterparts**. This Agreement may be executed in two or more counterparts, transmitted by facsimile, pdf or otherwise, each of which shall be deemed an original, and all of which together shall constitute a single instrument.

15. **Waiver**. Failure of a party to exercise a right upon default of the other party shall not be construed as a waiver of a right to insist upon full performance of all the terms and conditions of this Agreement.

Settlement and Release Agreement – Page 3

IN WITNESS WHEREOF the Parties have caused this Agreement to be executed the day and year first above written.

_____  1.16.10
Janine Reynard, Trustee for the
Bankruptcy Estate of Tim and Kim Resler

_____
Christopher Succa

_____
Patricia Succa

_____
Lorene Hillman

APPROVED FORM OF AGREEMENT:

_____
Patrick J. Geile – attorney for Succas and Hillman

_____
Jed W. Manwaring, attorney for Trustee/Estate

Settlement and Release Agreement – Page 4

```
Label Matrix for local noticing      AT T Wireless                      AT&T Mobility II LLC
0976-1                               PO BOX 6416                        % AT&T Services, Inc
Case 15-00477-TLM                    Carol Stream, IL 60197-6416        Karen Cavagnaro, Paralegal
District of Idaho                                                       One AT&T Way, Room 3A104
Boise                                                                   Bedminster, NJ 07921-2693
Wed Jan 22 15:07:31 MST 2020

Ally Financial                       American Express                   American Express
PO Box 380901                        4325 S. 2700 West                  PO Box 981540
Bloomington, MN 55438-0901           Salt Lake City, UT 84184-0001      El Paso, TX 79998-1540


American Express                     American Express Bank, FSB         American InfoSource LP as agent for
c/o Becket and Lee LLP               c/o Becket and Lee LLP             Verizon
P.O. Box 3001                        POB 3001                           PO Box 248838
Malvern, PA 19355-0701               Malvern, PA 19355-0701             Oklahoma City, OK  73124-8838
                                     [DUPLICATE stamp]

Art Lubin  [wrong address]           Arthur Lubin                       Ascentium Capital
C/o Law Offices of D. Blair Clark, PC 4912 Jones Road                   23970 Highway 59 North
1513 Tyrell Lane, Ste. 130           Oak Harbor, WA 98277-9649          Kingwood, TX 77339-1535
Boise, ID 83706-4255


Ascentium Capital LLC                BANK OF AMERICA, N.A.              Jesse A.P. Baker
PO Box 301593                        c/o Aldridge Pite, LLP             Aldridge Pite, LLP
Dallas, TX 75303-1593                4375 Jutland Drive, Suite 200      4375 Jutland Drive, Suite 200
ATTN: Michele Rodriguez              PO Box 17933                       San Diego, CA 92117-3600
                                     San Diego, CA 92177-7921


Bank of America                      Bank of America                    Bank of America  [wrong address]
1825 E. Buckeye Rd., #2723           P.O. Box 15220                     P.O. Box 5270
Phoenix, AZ 85034-4216               Wilmington, DE 19886-5220          Carol Stream, IL 60197-5270


Bank of America                      Bank of America, N.A.              Laura E Burri
PO Box 5170                          c/o Aldridge Pite, LLP             Morrow & Fischer
Simi Valley, CA 93062-5170           4375 Jutland Drive, Suite 200      332 N. Broadmore Way, Ste. 102
                                     P.O. Box 17935                     Nampa, ID 83687-5331
                                     San Diego, CA 92177-7923

Capital One  [wrong address]         Capital One Bank (USA), N.A.       Janaya L Carter
P.O. Box 26625                       PO Box 71083                       Routh Crabtree Olsen, P.S.
Richmond, VA 23261-6625              Charlotte, NC  28272-1083          13555 S.E. 36th St., suite 300
                                                                        Bellevue, WA 98006-1489


Chase                                Chase  [Box closed]                Chase Bank
P.O. Box 15298                       PO Box 94014                       PO BOX 15298
Wilmington, DE 19850-5298            Palatine, IL 60094-4014            Wilmington, DE 19850-5298
[DUPLICATE stamp]


Matthew Todd Christensen             D Blair Clark                      Corbett Auctioneers and Appraisers, Inc.
Angstman Johnson, PLLC               1509 Tyrell Lane, Suite 180        POB 191261
199 N. Capitol Blvd., Ste. 200       Boise, ID 83706-6658               Boise, ID 83719-1261
Boise, ID 83702-6197
```

Direct Capital
155 Commerce Way
Portsmouth, NH 03801-3243

Direct Capital Corporation
332 N. Broadmore Way, Ste 102
Nampa, ID 83687-5331

Direct Capital Corporation
c/o Kenneth D. Peters
Dressler Peters, LLC
70 W. Hubbard St., Ste. 200
Chicago, IL 60654-5677

E.I. Dupont
c/o Cameron Phillips, P.A.
924 Sherman Ave.
Coeur D Alene, ID 83814-4151

Financial Pacific Leasing
3455 South 344th Way
Suite 300
Auburn, WA 98001-9546

Patrick John Geile
FOLEY FREEMAN, PLLC
PO Box 10
Meridian, ID 83680-0010

HDG, LLC  *wrong address*
6189 N. Prescott Avenue
Garden City, ID 83714-6162

Icon Credit Union
1010 N. Whitewater Park Blvd
Boise, ID 83703-5801

c/o Sheila R. Schwager Idaho Trust Bank
Hawley Troxell Ennis & Hawley, LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
*DUPLICATE*

Idaho Trust Bank
888 W. Broad St.
Boise, ID 83702-7140

Idaho Trust Bank
c/o Sheila R. Schwager
Hawley Troxell Ennis & Hawley, LLP
P.O. Box 1617
Boise, ID 83701-1617

JBM, LLC
4039 Central Avenue
Hot Springs, AR 71913-7208
*DUPLICATE*

Joe McAdams/JBM, LLC
4039 Central Ave
Hot Springs National Park, AR 71913-7208

Kieran Label
2321 Siempre Viva Ct, #101
San Diego, CA 92154-6301

Konica Minolta Premier
1310 Madrid Street
Suite 101
Marshall, MN 56258-4002

Art Lubin  *wrong address*
C/o Law Offices of D. Blair Clark
1513 Tyrell Lane, Ste 130
Boise, ID 83706-4255

Jed W. Manwaring
Evans Keane LLP
1161 W. River St.
Suite 100
PO Box 959
Boise, ID 83701-0959

Joe McAdams
4039 Central Avenue
Hot Springs, AR 71913-7208
*DUPLICATE*

David Wayne Newman
OFFICE OF THE US TRUSTEE US DEPT
405 South Main Street, Suite 300
Salt Lake City, UT 84111-3402

Pacific Bell Telephone Company
% AT&T Services, Inc
Karen Cavagnaro, Paralegal
One AT&T Way, Room 3A104
Bedminster, NJ 07921-2693

(p)PAWNEE LEASING CORPORATION ATTN  SANDI CAR
3801 AUTOMATION WAY
STE 207
FORT COLLINS CO 80525-5735

Perkins Coie
1201 Third Ave, 40th Floor
Seattle, WA 98101-3029

Perkins Coie LLP
c/o Douglas R. Pahl
1120 NW Couch St., 10th Fl.
Portland, OR 97209-4128

Peterson Japan, LLC
dba Petson Lexus
9055 W Fairview Ave
Boise, ID 83704-8219

RC Willey
3301 E. Landmark
Meridian, ID 83642-8905

RCO Legal, P.C.  *wrong address*
300 Main Street, Ste 150
Boise, ID 83702-7728

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Recovery Management Systems Corporation for
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605
*DUPLICATE*

Jeff Resler
c/o Foley Freeman, PLLC
PO Box 10
Meridian, ID 83680-0010

Kimberly Resler
PO Box 1117
Eagle, ID 83616-1117

Timothy Resler
PO Box 1117
Eagle, ID 83616-1117

Janine P Reynard
POB 7506
Boise, ID 83707-1506

Sheila Rae Schwager
HAWLEY TROXELL ENNIS and HAWLEY LLP
POB 1617
Boise, ID 83701-1617
[DUPLICATE]

Security Ticketing Corp
2747 East Villa Street
Pasadena, CA 91107-2805

Security Ticketing Corporation
Attn: Art Lubin
4912 Jones Rd.
Oak Harbor, WA 98277-9649

Security Ticketing Corporation  *wrong address*
C/O The Law Offices of D. Blair Clark, P
1513 Tyrell Lane, Ste. 130
Boise, ID 83706-4255

Security Ticketing, LLC
c/o Sam S. Leslie, Trustee
3435 Wilshire Blvd., Ste 990
Los Angeles, CA 90010-1998

Sheffield Financial
6010 Golding Center Drive
Winston Salem, NC 27103-9815

Sheffield Financial
PO Box 1847
Wilson, NC  27894-1847

Sheila R. Schwager
Hawley Troxell Ennis   Hawle
877 Main St., Suite 1000
Boise, ID 83702-5884
[DUPLICATE]

Stimpson Company
1515 SW 13th Court
Pompano Beach, FL 33069-4789

David M Swartley
McCarthy & Holthus, LLP
702 W. Idaho, Suite 1100
Boise, ID 83702-8902

Stanley J Tharp
POB 1368
Boise, ID 83701-1368

Total Maintenance Solutions
PO Box 1117
Eagle, ID 83616-1117

(p)TOYOTA MOTOR CREDIT CORPORATION
PO BOX 8026
CEDAR RAPIDS IA 52408-8026

US Bank Equipment Finance
1310 Madrid St.
Marshall, MN 56258-4099

US Trustee
Washington Group Central Plaza
720 Park Blvd, Ste 220
Boise, ID 83712-7785

Verizon Wireless  *wrong address*
PO BOX 4005
Acworth, GA 30101-9006

Wells Fargo Bank
P.O. Box 29704
Phoenix, AZ 85038-9704

Wells Fargo Bank N.A., d/b/a Wells Fargo Dea
P.O. BOX 19657
IRVINE, CA 92623-9657

Wells Fargo Dealer Services  *wrong address*
PO Box 25341
Santa Ana, CA 92799-5341

Western Tag Printing, LLC  *wrong address*
757 S. Moon Beam
Eagle, ID 83616-4372

Wolfgang Schmidt
1117 Corte Borroso
Camarillo, CA 93010-7414

Xerox Corporation  *wrong address*
2029 Century Park E
Los Angeles, CA 90067-2906

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Pawnee Leasing
700 Centre Avenue
Fort Collins, CO 80526

(d)Pawnee Leasing Corporation
700 Centre Ave
Fort Collins, CO 80526

Toyota Motor
PO Box 5855
Carol Stream, IL 60197

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Wells Fargo Bank, N.A. | (d)Wells Fargo Dealer Services<br>PO Box 25341<br>Santa Ana, CA 92799-5341 | End of Label Matrix<br>Mailable recipients    83<br>Bypassed recipients    2<br>Total                 85 |